
FILED

SEP 27 2017

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| CAROL LAFOUNTAINE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HOLIDAY AL MANAGEMENT SUB LLC, d/b/a Holiday Retirement,<br><br>Defendant. | No. CV 17-95-H-SEH<br><br>ORDER |

Defendant has removed this action from state court by Notice of Removal filed September 26, 2017. Diversity jurisdiction is claimed.[1] However, the requisite diversity of citizenship necessary to establish diversity jurisdiction is not pleaded in this case.

---

[1] Doc. 1 at ¶¶ 3-5.

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;

28 U.S.C. § 1332 (a)(1) (2012).

It is fundamental that federal jurisdiction cannot be presumed. The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants. 15 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, § 102.12, at 102-28 (3d ed. 2016). It is to be strictly construed. *See City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 77 (1941) (citing *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). A defendant removing a case from state to federal court has the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*

While a limited liability company (LLC) resembles both a partnership and a corporation, tdfrhey are treated as "partnerships for the purposes of diversity jurisdiction." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899

(9th Cir. 2006). Therefore, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Id.*

Here, Defendant fails to allege the proper citizenship of Defendant Holiday AI Management Sub LLC, d/b/a Holiday Retirement. The citizenship of each individual member is not alleged. It is thus impossible for the Court to determine whether complete diversity exists.

Fed. R. Civ. P. 12(h)(3) and applicable case law provide that "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)(citation omitted).

ORDERED:

This case will be remanded to state court on October 4, 2017, unless Defendant files an amended notice of removal properly alleging jurisdiction on or before that date.

DATED this 27th day of September, 2017.

SAM E. HADDON
United States District Judge